1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAVEED A. MATIN and WILSHIRE EQUITY, INC.<br><br>        Defendants, | Case No. EDCV 10-01686 ABC (PJWx)<br><br>**[PROPOSED] REVISED FINAL JUDGMENT BY DEFAULT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY AGAINST DEFENDANTS JAVEED A. MATIN AND WILSHIRE EQUITY, INC.**<br><br>Hearing<br>Date:      September 12, 2011<br>Time:     10:00 a.m.<br>Place:    Courtroom 680 (Hon. Audrey B. Collins)<br>Roybal Federal Bldg. and Courthouse<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

1  Plaintiff Securities and Exchange Commission ("Commission") filed and
2  served upon Defendant Javeed A. Matin ("Matin") and Wilshire Equity, Inc.
3  (Wilshire Equity") a Summons and Complaint in this action.  Defendants Matin
4  and Wilshire Equity failed to file an Answer or otherwise respond to the
5  Complaint.
6  On January 21, 2011, the Clerk of the Court entered the Default of
7  Defendant Matin and Wilshire Equity pursuant to Fed. R. Civ. P. 55(a).
8  Thereafter, Plaintiff Commission filed a Motion for Default Judgment by this
9  Court pursuant to Fed. R. Civ. P. 55(b) with supporting papers showing service of
10 the Summons and Complaint and the subsequent failure of Defendants Matin and
11 Wilshire Equity to answer or otherwise respond to the Complaint.  On May 2,
12 2011, this Court granted the Commission's Motion and entered a Final Judgment
13 by Default of Permanent Injunction, Disgorgement, Prejudgment interest and Civil
14 Penalty Against Javeed A. Matin and Wilshire Equity, Inc.  ("Original Final
15 Judgment").  (Dkt. No. 20.)  Thereafter on August 10, 2011, the Commission filed
16 a Motion for Entry of Revised Final Judgment pursuant to Fed. R. Civ. P. 60.
17 ("Revised Final Judgment").  The Court has considered the Memoranda, evidence
18 and arguments presented with regard to the Commission's Motion for Entry of
19 Revised Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Commission's Motion for Entry of the Revised Final Judgment by Default against Defendants Matin and Wilshire Equity is GRANTED.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Matin and Wilshire Equity and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Revised Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Matin and Wilshire Equity and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Revised Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1     (a)    to employ any device, scheme, or artifice to defraud;
2     (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
6     (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Matin and Wilshire Equity and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Revised Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;
    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Matin and his agents, servants, employees, attorneys, and all persons in active

1 concert or participation with them who receive actual notice of this Revised Final
2 Judgment by personal service or otherwise, together with any company he owns or
3 controls now or in the future, are permanently enjoined from participating in the
4 sale or offer to sell any security in an unregistered transaction.

## VI.

IT IS FURTHER ORDERED that Matin shall be liable for disgorgement of $6,500,000.00, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $70,579.17. The total of disgorgement and prejudgment interest is thus $6,570,579.17. Matin shall also pay a third-tier civil penalty in the gross amount of his pecuniary gain as a result of the violation, i.e. amount of $6,500,000.00, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Matin shall satisfy this obligation by paying disgorgement of $6,570,579.17 and a civil money penalty of $6,500,000.00 within fourteen (14) business days after entry of this Revised Final Judgment by certified check, bank cashier's check, or United States Postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Matin as a Defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Revised Final Judgment. Matin shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Matin shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. No monetary relief is ordered as to Defendant Wilshire Equity on the basis of its defunct status.

5

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and all orders and decrees which have been entered or may be entered herein, and to grant such other relief as the Court may deem necessary and just.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  August 25, 2011

_____
Audrey B. Collins
UNITED STATES DISTRICT JUDGE

Presented by:

\_\_\_\_/s/_____
Gregory C. Glynn
Attorney for Plaintiff
Securities and Exchange Commission

6