GREGORY C. GLYNN, Cal. Bar No. 39999
E-mail: Glynng@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JAVEED A. MATIN and WILSHIRE EQUITY, INC.<br><br>Defendants, | Case No. 10-cv-01686 ABC (PJWx)<br><br>**NOTICE OF ENTRY OF REVISED FINAL JUDGMENT BY DEFAULT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY AGAINST DEFENDANTS JAVEED A. MATIN AND WILSHIRE EQUITY, INC.** |

**TO THE CLERK OF THE COURT AND TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on August 25, 2011, The District Court, Hon. Audrey B. Collins, presiding, entered a Revised Final Judgment by Default of Permanent Injunction, Disgorgement, Prejudgment Interest and Civil Penalty Against Defendants Javeed A. Matin and Wilshire Equity, Inc. (Dkt. No. 24). A true and correct of the Revised Final Judgment is attached hereto as Ex. 1.

DATED: August 29, 2011

_____
GREGORY C. GLYNN
Attorney for Plaintiff
Securities and Exchange Commission

2

# Revised Final Judgment by Default of Permanent Injunction, Disgorgement, Prejudgment Interest and Civil Penalty Against Defendants Javeed A. Matin and Wilshire Equity, Inc.

# Exhibit No. 1

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> JAVEED A. MATIN and WILSHIRE EQUITY, INC. <br><br> Defendants, | Case No. EDCV 10-01686 ABC (PJWx) <br><br> [PROPOSED] REVISED FINAL JUDGMENT BY DEFAULT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY AGAINST DEFENDANTS JAVEED A. MATIN AND WILSHIRE EQUITY, INC. <br><br> Hearing <br> Date:     September 12, 2011 <br> Time:    10:00 a.m. <br> Place:   Courtroom 680 (Hon. Audrey B. Collins) Roybal Federal Bldg. and Courthouse 255 E. Temple Street Los Angeles, CA 90012 |

Exhibit __1__ Page __3__

1  Plaintiff Securities and Exchange Commission ("Commission") filed and
2  served upon Defendant Javeed A. Matin ("Matin") and Wilshire Equity, Inc.
3  (Wilshire Equity") a Summons and Complaint in this action.  Defendants Matin
4  and Wilshire Equity failed to file an Answer or otherwise respond to the
5  Complaint.
6  On January 21, 2011, the Clerk of the Court entered the Default of
7  Defendant Matin and Wilshire Equity pursuant to Fed. R. Civ. P. 55(a).
8  Thereafter, Plaintiff Commission filed a Motion for Default Judgment by this
9  Court pursuant to Fed. R. Civ. P. 55(b) with supporting papers showing service of
10 the Summons and Complaint and the subsequent failure of Defendants Matin and
11 Wilshire Equity to answer or otherwise respond to the Complaint.  On May 2,
12 2011, this Court granted the Commission's Motion and entered a Final Judgment
13 by Default of Permanent Injunction, Disgorgement, Prejudgment interest and Civil
14 Penalty Against Javeed A. Matin and Wilshire Equity, Inc.  ("Original Final
15 Judgment").  (Dkt. No. 20.)  Thereafter on August 10, 2011, the Commission filed
16 a Motion for Entry of Revised Final Judgment pursuant to Fed. R. Civ. P. 60.
17 ("Revised Final Judgment").  The Court has considered the Memoranda, evidence
18 and arguments presented with regard to the Commission's Motion for Entry of
19 Revised Final Judgment:

## I.

21 **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the
22 Commission's Motion for Entry of the Revised Final Judgment by Default against
23 Defendants Matin and Wilshire Equity is GRANTED.

## II.

25 IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
26 that Defendants Matin and Wilshire Equity and their agents, servants, employees,
27 attorneys, and all persons in active concert or participation with them who receive
28 actual notice of this Revised Final Judgment by personal service or otherwise are

1  permanently restrained and enjoined from violating Section 5(a) and (c) of the
2  Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by,
3  directly or indirectly, in the absence of any applicable exemption:
4      (a)  Unless a registration statement is in effect as to a security, making use
5  of any means or instruments of transportation or communication in
6  interstate commerce or of the mails to sell such security through the
7  use or medium of any prospectus or otherwise;
8      (b)  Unless a registration statement is in effect as to a security, carrying or
9  causing to be carried through the mails or in interstate commerce, by
10 any means or instruments of transportation, any such security for the
11 purpose of sale or for delivery after sale; or
12     (c)  Making use of any means or instruments of transportation or
13 communication in interstate commerce or of the mails to offer to sell
14 or offer to buy through the use or medium of any prospectus or
15 otherwise any security, unless a registration statement has been filed
16 with the Commission as to such security, or while the registration
17 statement is the subject of a refusal order or stop order or (prior to the
18 effective date of the registration statement) any public proceeding or
19 examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### III.

21     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
22 that Defendants Matin and Wilshire Equity and their agents, servants, employees,
23 attorneys, and all persons in active concert or participation with them who receive
24 actual notice of this Revised Final Judgment by personal service or otherwise are
25 permanently restrained and enjoined from violating Section 17(a) of the Securities
26 Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means
27 or instruments of transportation or communication in interstate commerce or by
28 use of the mails, directly or indirectly:

Exhibit  1   Page  5

1  (a) to employ any device, scheme, or artifice to defraud;
2  (b) to obtain money or property by means of any untrue statement of a
3       material fact or any omission of a material fact necessary in order to
4       make the statements made, in light of the circumstances under which
5       they were made, not misleading; or
6  (c) to engage in any transaction, practice, or course of business which
7       operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Matin and Wilshire Equity and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Revised Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;
(b) to make any untrue statement of a material fact or to omit to state a
    material fact necessary in order to make the statements made, in the
    light of the circumstances under which they were made, not
    misleading; or
(c) to engage in any act, practice, or course of business which operates or
    would operate as a fraud or deceit upon any person.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Matin and his agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Revised Final Judgment by personal service or otherwise, together with any company he owns or controls now or in the future, are permanently enjoined from participating in the sale or offer to sell any security in an unregistered transaction.

## VI.

IT IS FURTHER ORDERED that Matin shall be liable for disgorgement of $6,500,000.00, representing proceeds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $70,579.17. The total of disgorgement and prejudgment interest is thus $6,570,579.17. Matin shall also pay a third-tier civil penalty in the gross amount of his pecuniary gain as a result of the violation, i.e. amount of $6,500,000.00, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Matin shall satisfy this obligation by paying disgorgement of $6,570,579.17 and a civil money penalty of $6,500,000.00 within fourteen (14) business days after entry of this Revised Final Judgment by certified check, bank cashier's check, or United States Postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Matin as a Defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Revised Final Judgment. Matin shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Matin shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. No monetary relief is ordered as to Defendant Wilshire Equity on the basis of its defunct status.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and all orders and decrees which have been entered or may be entered herein, and to grant such other relief as the Court may deem necessary and just.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: August 25, 2011

_____
Audrey B. Collins
UNITED STATES DISTRICT JUDGE

Presented by:

___/s/_____
Gregory C. Glynn
Attorney for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. Telephone: (323) 965-3998 Fax: (323) 965-3908

On August 29, 2011, I caused to be served the document entitled:

**NOTICE OF ENTRY OF REVISED FINAL JUDGMENT BY DEFAULT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY AGAINST DEFENDANTS JAVEED A. MATIN AND WILSHIRE EQUITY, INC;**

upon the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be personally delivered each such envelope by hand to the office of the addressee.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX (BY AGREEMENT ONLY):** By causing the document to be sent by facsimile transmission. The transmission was reported as complete and without error.

Date: August 29, 2011

_____
Gregory C. Glynn

1

<u>**SEC v. Javeed A. Matin and Wilshire Equity Inc.**</u>
**United States District Court – Central District of California
Case No. CV-10-01686 ABC (PJWxx)
(LA-3575)**

## MASTER SERVICE LIST

1. Jaak (Jack) Olesk
   Law Offices of Jaak Olesk
   468 N. Camden Dr.
   2nd Floor
   Beverly Hills, CA 90210

   Email:  JaakOlesk@aol.com
   Telephone:  (310) 860-4799
   Telecopier:  (310) 860-4747

   *Former Attorney for Javeed A. Matin*

2. Mazhar Ul Haque
   ■■■■■■■
   Mira Loma, CA 91752

   *An Officer of Wilshire Equity, Inc., and Designated Agent for Wilshire Equity, Inc.*

3. Javeed A. Matin
   c/o Tanzila Matin
   ■■■■■■■
   Diamond Bar, CA 91765